# EXHIBIT A



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Brad Orschel<br>Inspire Brands, Inc.<br>3 Glenlake Pkwy<br>Fl 5<br>Atlanta, GA 30328-3584 |
| **Electronic copy provided to:** | Derek Ensminger<br>Bridget Peterson<br>John Hopkins<br>Matthew Becker |

| | |
|---|---|
| **Entity:** | Inspire Brands, Inc.<br>Entity ID Number 3978154 |
| **Entity Served:** | Inspire Brands, Inc. |
| **Title of Action:** | Cynthia Adkins Julian vs. Arby's Properties, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Rockingham County Superior Court, NC |
| **Case/Reference No:** | 21 CVS 1983 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 07/26/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Michele Cybulski<br>336-373-1130 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# STATE OF NORTH CAROLINA

____ROCKINGHAM____ County

File No. 21 CVS 1983

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>CYNTHIA ADKINS JULIAN | |
| *Address*<br>2973 DEEPWOODS DRIVE, APT. 3207 | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| *City, State, Zip*<br>BURLINGTON       NC    27215 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>ARBY'S PROPERTIES, LLC and INSPIRE BRANDS, INC | *Date Original Summons Issued* |
| | *Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1*<br>ARBY'S PROPERTIES, LLC<br>Registered Agent: Corporation Service Company<br>2 Sun Ct, Ste 400, Peachtree Corners, GA 30092<br>*Interrogatories & RPD attached* | *Name And Address Of Defendant 2*<br>INSPIRE BRANDS, INC<br>Registered Agent: Corporation Service Company<br>2 Sun Ct, Ste 400, Peachtree Corners, GA 30092<br>*Interrogatories & RPD attached* |
|---|---|

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Michele Cybulski<br>Deuterman Law Group<br>3524 Lawndale Drive<br>Greensboro     NC    27408 | *Date Issued*<br>7-21-21 | *Time*<br>12:56   ☐ AM ☒ PM |
| | *Signature*<br>*[signature]* | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| | | |
|---|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
| | *Signature* | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> *Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> *Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA             IN THE GENERAL COURT OF JUSTICE
                                    SUPERIOR COURT DIVISION
COUNTY OF ROCKINGHAM    FILED           21 CVS 1980

                        2021 JUL 21 P 12: 57
CYNTHIA ADKINS JULIAN,      ROCKINGHAM CO., C.S.C.
        Plaintiff,                          )
                                            )       **COMPLAINT**
        v.                          BY_____ )      (Jury Trial Demanded)
                                            )
                                            )
ARBY'S PROPERTIES, LLC, and                 )
INSPIRE BRANDS, INC.,                       )
        Defendants.                         )

---

   Now comes the Plaintiff, by and through counsel and complaining of the Defendants
and hereby alleges the following:

1. Plaintiff Cynthia A. Julian [hereinafter "Plaintiff"] is a citizen and resident of Alamance
   County, North Carolina.


2. Upon information and belief, Arby's Properties, LLC is a limited liability company
   duly organized under the laws of the state of Delaware with its registered agent listed
   as Corporation Service Company and its registered agent office located at 2 Sun Court,
   Suite 400, Peachtree Corners, GA, 30092. At all times relevant herein, Defendant
   Arby's Properties, LLC conducted business in Rockingham County, North Carolina.

3. Upon information and belief, Inspire Brands, Inc. is a corporation duly organized under
   the laws of the state of Delaware with its registered agent listed as Corporation Service
   Company and its registered agent office located at 2 Sun Court, Suite 400, Peachtree
   Corners, GA, 30092. At all times relevant herein, Defendant Inspire Brands, Inc.
   conducted business in Rockingham County, North Carolina.

4. Upon information and belief, Inspire Brands, Inc. is a multi-brand restaurant company
   which includes the Arby's brand as a wholly owned subsidiary.

5. Arby's Properties, LLC is owned and operated by Inspire Brands, Inc.

6. At all times relevant to this Complaint, Arby's Properties, LLC, owned and operated
   the Arby's restaurant located at 838 South Van Buren Road, Eden, North Carolina
   27288.

7. At all times relevant to this Complaint, Inspire Brands, Inc., owned and operated the
   Arby's restaurant located at 838 South Van Buren Road, Eden, North Carolina 27288.

1

8. At all times relevant to this Complaint Arby's Properties, LLC, and/or Inspire Brands Inc., owned and operated the Arby's restaurant located at 838 South

9. Hereinafter, Arby's Properties, LLC, and Inspire Brands, Inc. will be collectively referred to as "Defendants".

10. On or about October 15, 2018, Plaintiff stopped at the Arby's [hereinafter "restaurant"] located at 838 South Van Buren Road, Eden, North Carolina 27288 in order to use the restroom.

11. At or about said date, Plaintiff entered the restroom, and slipped and fell on a wet surface of some type of unknown liquid not visible or known to Plaintiff upon entering the restroom.

12. The floor was wet but there were no wet floor signs or other notices warning potential patrons, including Plaintiff, of the unknown hazard.

13. Plaintiff fell onto her left side and left wrist. The Defendants' employee gave Plaintiff the Defendants' contact information but refused to fill out an incident report.

14. As a result of her fall, Plaintiff sustained painful injuries requiring surgery.

## CAUSE OF ACTION

### NEGLIGENCE OF DEFENDANTS

15. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

16. At all relevant times, the employees who failed to warn patrons, including Plaintiff, of the wet floor hazard, and who were otherwise negligent as set out in paragraph 21 were employees of Defendants.

17. At all relevant times, a relationship of master and servant existed between Defendants and Defendants' employees.

18. The above described acts and omissions of Defendants' employees are imputed by law to Defendants.

19. At all times relevant to this complaint, Defendants' employees had a duty to carry out their work in a reasonable and safe manner.

20. At the about said time, date, and place, Defendants' employees carried out their work in a negligent and reckless manner endangering those in the restaurant, including Plaintiff.

21. Defendants' employees were negligent in the following ways:

2

a. Failed to exercise ordinary care to maintain the restaurant's restroom in a reasonably safe condition;
b. Failed to take reasonable precautions to warn people, including Plaintiff, from hazards;
c. Failed to correct and eliminate the hazard of a wet floor hazard which was known or reasonably should have been known, to one or more of Defendants' agents or employees;
d. Failed to otherwise warn, notify or provide notice to Plaintiff of a hazardous condition that was known, or reasonably should have been known, to one or more of Defendants' agents or employees by placing a cone or warning sign at that location;
e. Failed to keep restroom floors dry to prevent slick or slippery conditions on the tile floor;
f. Failed to properly train employees or contractors with regard to proper safety procedures;
g. Otherwise failed to act reasonably under the circumstances in ways to be adduced at trial.

22. The above described acts and omissions of Defendants' employees were in the scope of their employment with Defendants; therefore, the Defendants are liable for those acts and omissions under agency principles, including but not limited to, *respondeat superior*.

23. The knowledge, actual or constructive, of one or more of Defendants' agents or employees of the hazardous condition that proximately caused Plaintiff to trip and fall is imputed to the Defendants under the doctrine of *respondeat superior* because this knowledge was obtained while each agent or employee was acting under the course and scope of his or her employment.

24. At all times alleged herein, Plaintiff was acting as a reasonable and prudent person and was not guilty of any act or omission that contributed to her injuries.

25. As a proximate and foreseeable result of the negligence of Defendants as described herein, Plaintiff suffered physical pain, suffering, mental anguish and emotional distress.

26. Because of her injuries, Plaintiff was treated by physicians and other health care providers and incurred reasonable and necessary medical expenses, as well as lost wages.

27. Plaintiff has sustained financial damages in excess of $25,000 including but not limited to medical care, pain and suffering, and lost wages.

WHEREFORE, the Plaintiff prays as follows:

3

1. That Plaintiff have and recover judgment against the Defendants for an amount in excess of Twenty-Five Thousand Dollars ($25,000) in compensatory damages, together with interest as allowed by law;

2. A trial by jury on all disputed issues of fact;

3. That all costs of this action including reasonable attorneys' fees be taxed to the Defendants as permitted by North Carolina law; and

4. For such other and further relief as the Court may deem just and proper.

This the 21st day of July, 2021.

DEUTERMAN LAW GROUP

Michele Cybulski (NC Bar# 39617)
Attorney for Plaintiff
3524 Lawndale Drive
Greensboro, NC 27408
Tel: (336) 373-1130
Fax: (336) 373-1466
Email: michele@deutermanlaw.com

Seth R. Cohen (NC Bar# 18134)
Attorney for Plaintiff
3524 Lawndale Drive
Greensboro, NC 27408
Tel: (336) 373-1130
Fax: (336) 373-1466
Email: seth@deutermanlaw.com

4

STATE OF NORTH CAROLINA

FILED
IN THE GENERAL COURT OF JUSTICE

COUNTY OF ROCKINGHAM            2021 AUG 26 P 2: 15    SUPERIOR COURT DIVISION
                                                      21 CVS 1983

                                ROCKINGHAM CO., C.S.C.

CYNTHIA ADKINS JULIAN,          BY _____ (signature)
    Plaintiff,

       v.                              **AMENDED COMPLAINT**
                                (Jury Trial Demanded)

RTM OPERATING COMPANY, LLC,
    Defendant.

---

Now prior to service of a responsive pleading comes the Plaintiff and amends her complaint as a matter of course pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure as follows:

1. Plaintiff Cynthia A. Julian [hereinafter "Plaintiff"] is a citizen and resident of Alamance County, North Carolina.

2. Upon information and belief, RTM Operating Company, LLC is a limited liability company duly organized under the laws of the state of Delaware with its registered agent listed as Corporation Service Company and its registered agent office located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092. At all times relevant herein, Defendant RTM Operating Company conducted business in Rockingham County, North Carolina.

3. At all times relevant to this Complaint, RTM Operating Company, LLC [hereinafter "RTM"], owned and operated the Arby's restaurant located at 838 South Van Buren Road, Eden, North Carolina 27288.

4. On or about October 15, 2018, Plaintiff stopped at the Arby's [hereinafter "restaurant"] located at 838 South Van Buren Road, Eden, North Carolina 27288 in order to use the restroom.

5. At or about said date, Plaintiff entered the restroom, and slipped and fell on a wet surface of some type of unknown liquid not visible or known to Plaintiff upon entering the restroom.

6. The floor was wet but there were no wet floor signs or other notices warning potential patrons, including Plaintiff, of the unknown hazard.

7. Plaintiff fell onto her left side and left wrist. A restaurant employee gave Plaintiff the RMT's contact information but refused to fill out an incident report.

8. As a result of her fall, Plaintiff sustained painful injuries requiring surgery.

1

8. As a result of her fall, Plaintiff sustained painful injuries requiring surgery.

## CAUSE OF ACTION

## NEGLIGENCE OF DEFENDANT

9. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

10. At all relevant times, the employees who failed to warn patrons, including Plaintiff, of the wet floor hazard, and who were otherwise negligent as set out in paragraph 15 were employees of Defendant.

11. At all relevant times, a relationship of master and servant existed between Defendant and Defendant's employees.

12. The above described acts and omissions of Defendant's employees are imputed by law to Defendant.

13. At all times relevant to this complaint, Defendant's employees had a duty to carry out their work in a reasonable and safe manner.

14. At the about said time, date, and place, Defendant's employees carried out their work in a negligent and reckless manner endangering those in the restaurant, including Plaintiff.

15. Defendant's employees were negligent in the following ways:

   a. Failed to exercise ordinary care to maintain the restaurant's restroom in a reasonably safe condition;
   b. Failed to take reasonable precautions to warn people, including Plaintiff, from hazards;
   c. Failed to correct and eliminate the hazard of a wet floor hazard which was known or reasonably should have been known, to one or more of Defendant's agents or employees;
   d. Failed to otherwise warn, notify or provide notice to Plaintiff of a hazardous condition that was known, or reasonably should have been known, to one or more of Defendant's agents or employees by placing a cone or warning sign at that location;
   e. Failed to keep restroom floors dry to prevent slick or slippery conditions on the tile floor;
   f. Failed to properly train employees or contractors with regard to proper safety procedures;
   g. Otherwise failed to act reasonably under the circumstances in ways to be adduced at trial.

16. The above described acts and omissions of Defendant's employees were in the scope of their employment with Defendant; therefore, the Defendant is liable for those acts

2

and omissions under agency principles, including but not limited to, *respondeat superior*.

17. The knowledge, actual or constructive, of one or more of Defendant's agents or employees of the hazardous condition that proximately caused Plaintiff to trip and fall is imputed to the Defendant under the doctrine of *respondeat superior* because this knowledge was obtained while each agent or employee was acting under the course and scope of his or her employment.

18. At all times alleged herein, Plaintiff was acting as a reasonable and prudent person and was not guilty of any act or omission that contributed to her injuries.

19. As a proximate and foreseeable result of the negligence of Defendant as described herein, Plaintiff suffered physical pain, suffering, mental anguish and emotional distress.

20. Because of her injuries, Plaintiff was treated by physicians and other health care providers and incurred reasonable and necessary medical expenses, as well as lost wages.

21. Plaintiff has sustained financial damages in excess of $25,000 including but not limited to medical care, pain and suffering, and lost wages.

WHEREFORE, the Plaintiff prays as follows:

1. That Plaintiff have and recover judgment against the Defendant for an amount in excess of Twenty-Five Thousand Dollars ($25,000) in compensatory damages, together with interest as allowed by law;

2. A trial by jury on all disputed issues of fact;

3. That all costs of this action including reasonable attorneys' fees be taxed to the Defendants as permitted by North Carolina law; and

4. For such other and further relief as the Court may deem just and proper.

This the 26th day of August, 2021.

DEUTERMAN LAW GROUP

Michele Cybulski (NC Bar# 39617)

3

Attorney for Plaintiff
3524 Lawndale Drive
Greensboro, NC 27408
Tel: (336) 373-1130
Fax: (336) 373-1466
Email: michele@deutermanlaw.com


_____
Seth R. Cohen (NC Bar# 18134)
Attorney for Plaintiff
3524 Lawndale Drive
Greensboro, NC 27408
Tel: (336) 373-1130
Fax: (336) 373-1466
Email: seth@deutermanlaw.com

4

STATE OF NORTH CAROLINA

COUNTY OF ROCKINGHAM

FILED
2021 AUG 26 P 2:16

ROCKINGHAM CO. C.S.C.
BY _____ (signature)

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVS 1983

CYNTHIA ADKINS JULIAN,
    Plaintiff,

    v.

RTM OPERATING COMPANY, LLC
    Defendant.

)
)
)
)
)
)
)
)
)
)
)

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES, FIRST
REQUESTS FOR PRODUCTION
OF DOCUMENTS AND REQUESTS
FOR ADMISSION**

---

PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO
DEFENDANT RTM OPERATING COMPANY, LLC

Pursuant to Rules 26, 33, 34 and 36 of the North Carolina Rules of Civil
Procedure, you are hereby required to answer under oath within thirty (30) days the
following requests for discovery. Each of the interrogatories is a continuing interrogatory
so as to require you to file supplemental answers if you obtain further or different
information between the time your answers are served and the time of the trial. These
interrogatories request information which is known by you or is available to you, or is in
the possession of your representatives, servants, or agents, insurance carriers and their
representatives, including your attorney and his investigators, unless such information is
clearly privileged.

For each document responsive to this request that is withheld under claim of
privilege or work-product immunity, provide a statement under oath by a person having
knowledge setting forth as to each document:

1.    The name and title of the author;
2.    The name and title of each person to whom the document was addressed;
3.    The name and title of each person to whom a copy of the document was
    sent;
4.    The date of the document;
5.    The number of pages of the document;
6.    A brief description of the nature and subject matter of the document;
7.    The nature of the claimed privilege or immunity;
8.    The category or categories of the request to which the document is
    responsive; and
9.    The exact location of the original and each copy as of the date and receipt
    of this request, along with the name and address of the custodian of said
    originals and copies.

1

If you are aware of any document otherwise responsive to these requests, which document is no longer in your custody or control, identify the name and title of the author, name and title of the addressee, date of the document, subject matter of the document or documents, the last date on which the document was in your control, the person or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition and state what knowledge each person has.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

Pursuant to Rule 34 of the North Carolina Rules of Civil Procedure, the plaintiff hereby requests that the defendant produce the originals of all documents herein requested and permit the plaintiff to inspect and copy the same, at the law office of Deuterman Law Group, 3524 Lawndale Drive, Greensboro, North Carolina, on the forty-fifth (45th) day following service of these Interrogatories, Requests for Production of Documents, and Requests for Admissions. In the alternative, the defendant may comply with these requests by attaching legible copies of all such documents and clearly designating the interrogatory to which each document or group of documents pertains.

In the event the defendant should fail to answer or should provide evasive or incomplete answers to any of the discovery requests set forth below, or in the event the defendant should fail or refuse to produce any of the documents requested herein, the plaintiff puts the defendant on notice that the plaintiff will move the Court, pursuant to Rule 37(a)(4) of the North Carolina Rules of Civil Procedure, for the reasonable expenses, including attorney's fees, incurred by the plaintiff to move the Court to compel the defendant to provide answers or to provide adequate or complete answers to all such discovery requests and to produce all such documents requested herein.

For the purposes of these discovery requests, the meaning of the word "document" shall include, but not be limited to, writings, drawings, graphs, charts, photographs, reports, phonograph records, computer records, digital recordings, and other data compilations from which information can be obtained or translated, if necessary, through detection devices or other equipment, into usable form.

You are required and have a lawful duty to supplement, update and amend your responses and answers to these discovery requests in the following instances:
1.      Any requests or questions directly addressed to:
        a.      The identity and location of persons having knowledge of discoverable matter; and
        b.      The identity of each person expected to be called as an expert witness at the trial, the subject matter on which he is to testify and the substance of his testimony.

2

2.      Any responses or answers to questions or requests if you obtain information upon the basis of which:

    a.    You know or discover that the prior response was incorrect or incomplete when made; or

    b.    You know that the response, though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories, Requests for Production of Documents and Requests for Admissions:

"You" and "Your" shall mean the defendant and each of his, her, or its attorneys, employees, agents, or representatives, and all other persons acting on or in your behalf.

"Person" shall mean any individual, partnership, firm, association, corporation, or other business, governmental, or legal entity.

"Document" shall mean any written, recorded, transcribed, filmed, or graphic matter of any kind or description, however produced or reproduced, all as further defined hereinabove.

"Address" shall mean the street number, street, city and state of subject person, business or other entity.

"Identify" or "Identification", when used with reference to a person, shall mean to state the full name, present or last known address and telephone number of said person.

"Identify" or "Identification", when used with reference to a document, shall mean to state its date, author, or signer, his or its address, type of document, and all other means of identifying it and its present or last known location or custodian; if any document was but is no longer in the possession, custody, or control of the named defendant or those identified previously under the definition of "You" or "Your", state what disposition was made of it and the reason for its disposition.

Case 1:21-cv-00743   Document 1-1   Filed 09/24/21   Page 15 of 37

# INTERROGATORIES

1.  Please identify all persons who have contributed information in responding to these interrogatories by stating their name, address, phone number, email address, and professional title.

    ANSWER:

2.  State the full name, address, and telephone number of every person known to you, your agents, employees, attorneys, representatives, or other persons acting on your behalf who claim to have witnessed all or any portion of the incident that is the subject of this litigation, who claim to have any knowledge or information whatsoever relating to the incident, and every person who was present at the time of or following the occurrence.

    ANSWER:

3.  Identify all persons having any information relating to any allegation in Plaintiff's Complaint or any of the Defendant's answers and provide a detailed summary of the specific information held by each such person.

    ANSWER:

4.  To the extent that you assert that any Defendant is not properly identified, state the proper identification of each such Defendant.

    ANSWER:

5.  Identify any written or oral statements obtained by you and/or your insurance carrier from the Plaintiffs, from any witnesses, from any employee, or from anyone who investigated the incident that is the subject of the Plaintiff's Complaint.

    ANSWER:

6.  Identify each and every policy of insurance, including excess insurance policies, bonds, and/or reinsurance agreements which may provide coverage regarding any of the acts or omissions asserted against you in Plaintiff's Complaint and for each such policy of insurance, identify the insurance company, the policy number, the coverage limits, and the coverage terms. This request shall include, but not be limited to liability policies, umbrella policies, and layered coverage.

    ANSWER:

7.  Identify the name and present address of each person whom you expect may be called by you as an expert witness at this trial and describe in detail the subject matter on which each expert may be expected to testify including the substance and content of all facts and opinions about which each expert may be expected to testify at trial, and identify each and every document which summarizes, sets forth, gives any indication of, or bears any relationship to any of the said expert witnesses and/or their opinions, including any document upon which said expert may fully or in part base an opinion.

ANSWER:

8.  Please describe all slip or trip and fall incidents in which your business or premises have been named as a defendant in a lawsuit occurring within five years prior to the date of the incident that is the subject of this litigation. Your description should include the names of the parties, the docket or index number, the court or agency involved, the nature of the incident, the injuries alleged, and the disposition.

ANSWER:

9.  Please describe all slip or trip and fall incidents in which claims for liability insurance have been made against you or with any of your insurance carriers for personal injuries occurring within 5 years prior to the date of the incident that is the subject of this litigation. Your description should include the date of the accident, the location of the accident, the nature of any injuries complained of, whether liability was accepted or denied, and the ultimate disposition.

ANSWER:

10. Please describe all slip and fall and/or trip and fall lawsuits to which you have been a party as a result of an event that occurred on your premises. Your description should include the names of the parties, the docket or index number, the court or agency involved, the nature of the incident, the injuries alleged, and the ultimate disposition.

ANSWER:

11. Please identify the substance of any and all conversations between the Plaintiff, any witness, or any of your employees or agents, if any, which occurred immediately before or immediately following the accident about which you have knowledge.

ANSWER:

12. State whether or not the Plaintiff made any statements in any form, at any time, to any person concerning the incident that is the subject of this litigation. If so, state

5

the name and address of each person to whom such statements were made the content of such statements, and when each statement was made.

ANSWER:

13. State the substance of any conversation your employees or agents had with Plaintiff or Plaintiff's representatives, agents, or servants regarding the incident that is the subject of this litigation.  Include the date thereof and indicate who said what to whom.

ANSWER:

14. Please describe in full detail how the incident happened according to you, giving all events in detail in the order in which they occurred, before, at the time of, and after the incident, which had any bearing on the cause and manner of the incident that is the subject of the Plaintiff's Complaint.

ANSWER:

15. Please list all acts, omissions, or events which you believe caused or contributed to cause the incident that is the subject of the Plaintiff's Complaint.

ANSWER:

16. Identify all photographs or videos in your possession of Plaintiff's fall that is the subject of the Plaintiff's Complaint.

ANSWER:

17. Identify all accident/incident reports or other documents created to document the incident that is the subject of the Plaintiff's Complaint.

ANSWER:

18. Provide the author, date created, and subject matter of any documents, exhibits, charts, diagrams, or depictions concerning the incident that is the subject of this litigation, the scene of the incident, or the persons or witnesses involved in the incident that are known to you.

ANSWER:

19. Identify all documents, communications, correspondence, and/or complaints of any kind between any person, former customer, employee, individual, and/or Defendants and any employee, agent, or office of Defendants prior to the day of the incident complained of within the Plaintiffs' Complaint regarding your floors or any substances left on the floors.

6

ANSWER:

20. Identify all documents, including but not limited to, employee training policies, manuals, protocols, and handbooks wherein the duties of those charged with maintaining the area where Plaintiff fell are stated.

ANSWER:

21. Identify all of your employees whom interacted with Plaintiff in any way on the date of the incident that is the subject of this litigation. For each employee, state their name, occupational title, and mailing address.

ANSWER:

22. State with specificity whether any of your employees were provided actual or constructive notice of the wet floor in the bathroom on which Plaintiff tripped and fell prior to Plaintiff's fall. If your answer is in the affirmative, please state the manner of notice provided and how such notice was provided.

ANSWER:

23. Identify all documents provided by you stating the protocols for employees placing warning signs or other cautionary devices around substances on the floor.

ANSWER:

24. State with specificity whether you, any of your employees, any witness, or any person present provided a recorded statement of any kind to any insurance carrier after the incident that is the subject of this litigation. If so, state the date of the statement, and whether the liability claim submitted to the insurance carrier had been denied at the time the statement was provided.

ANSWER:

25. Identify all restaurant policies regarding how often the bathroom floors are inspected, whose duty it is to complete the inspections, and what is involved in an inspection.

ANSWER:

26. Identify the process used for cleaning the bathrooms, including but not limited to whose duty it is to clean them, how they are cleaned, and how often they are cleaned.

ANSWER:

7

**These interrogatories are continuing and require supplementation as mandated by the North Carolina Rules of Civil Procedure.**

## REQUESTS FOR PRODUCTION

1. Copies of any and all documents relied upon and/or identified within your Responses to Plaintiff's First Set of Interrogatories.

RESPONSE:

2. Any photographs, videos, or digital recordings of any kind known to you or your attorneys, of the incident scene or the incident itself, as well as any camera footage taken within 24 hours before and after the date of the subject incident.

RESPONSE:

3. Please produce any and all documents you have furnished to any person whom you anticipate calling as a lay or expert witness.

RESPONSE:

4. Please produce a copy of any statement (written, oral, recorded, electronic or otherwise) which has been taken of any witness and/or party to this action by your or your insurance company.

RESPONSE:

5. Please produce the curriculum vitae of any expert you intend to call as a witness.

RESPONSE:

6. Please produce any documents upon which your expert witnesses will rely for testimonial purposes.

RESPONSE:

7. Please produce any expert report(s) that have been obtained from any expert(s) listed in your Answers to Interrogatories. If a report has not been prepared, the preparation of a report is requested.

RESPONSE:

8

8.  Copies of any and all lawsuits and insurance claims alleging slip or trip and fall induced personal injuries that have been filed or claimed against you within 5 years prior to the date of the incident that is the subject of this litigation.

RESPONSE:


9.  Copies of all documents related to this claim reviewed by, relied upon by, or prepared generated by each person you expect to call as an expert witness at the trial of this action.

RESPONSE:

10. A complete copy of any and all insurance policies that cover you for this accident. Do not simply provide a declarations page.

RESPONSE:

11. Copies of all other documents which you will otherwise use in the defense of this action.

RESPONSE:

12. Copies of all documents, including but not limited to communications, correspondence, and/or complaints of any kind between any person, former customer, employee, or other individual, and any employee, agent, or officer of you, your premises, or, within 5 years prior to the date of the incident that is the subject of this litigation regarding the raised floor outlet covers.

RESPONSE:

13. Copies of all documents, including but not limited to, employee training policies, manuals, protocols, and handbooks wherein the duties of store employees are described.

RESPONSE:

14. Copies of any employee policy, job duty, or job description for which a purpose is to detect and/or remove substances or hazards on the premises or post signs warning of dangers.

RESPONSE:

15. Copies of all documents regarding how often the bathroom floors are inspected, whose duty it is to carry out the inspections, and what is involved in an inspection.

9

RESPONSE:

16. Copies of all documents regarding how often the bathrooms are cleaned, whose duty it is to clean them, and how they are cleaned.

RESPONSE:

17. Copies of any logs or other documents showing which employees cleaned the bathrooms during the week of the incident that is the subject of this litigation.

RESPONSE:

18. Produce copies of all accident and/or incident reports created as a result of the incident that is the subject of this litigation.

RESPONSE:

19. Produce copies all accident and/or incident reports created as a result of a slip and fall or trip and fall occurring on the premises within 5 years prior to the date of the incident that is the subject of this litigation.

RESPONSE:

20. Produce copies all statements, communications, and documents, whether written, electronic, or oral, of any kind of you or any agent or employee of yours regarding the incident that is the subject matter of this litigation with any non-lawyer.

RESPONSE:

21. Produce a copy of any statement (written, oral, recorded, electronic, or otherwise) which has been taken of any witness, employee, and/or party to this action by you or your insurance company.

RESPONSE:

22. Produce a copy of any written contracts, agency agreements, and franchise agreements between you and Defendant.

RESPONSE:


**These requests for production are continuing and require supplementation as mandated by the North Carolina Rules of Civil Procedure.**

## REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the North Carolina Rules of Civil Procedure, you are requested to admit the truthfulness of the statements separately and fully in writing under oath that follow within the time permitted by these Rules.

You are requested to admit the following:

1. That the Defendant, RTM OPERATING COMPANY, LLC, is a business corporation duly organized and existing under the laws of the State of Delaware with is principal office address located at Three Glenlake Parkway, NE, Atlanta, Georgia, 30328

**ANSWER:**


2. That at all times relevant herein, Defendant, RTM OPERATING COMPANY, LLC, was conducting business in North Carolina.

**ANSWER:**

3. That at all times relevant herein, Defendant RTM OPERATING COMPANY, LLC, owned the Arby's restaurant located at 838 S. Van Buren Rd., Eden, North Carolina 27288.

**ANSWER:**

4. That at all times relevant herein, Defendants RTM OPERATING COMPANY, LLC, operated the Arby's restaurant located at 838 S. Van Buren Rd., Eden, North Carolina 27288.

**ANSWER:**


5. That Defendant, RTM OPERATING COMPANY, LLC was properly served with process in this matter.

**ANSWER:**


This the 26th day of August, 2021.


DEUTERMAN LAW GROUP


11

Michele Cybulski (NC Bar# 39617)
Attorney for Plaintiff
3524 Lawndale Drive
Greensboro, NC 27408
Tel: (336) 373-1130
Fax: (336) 373-1466
Email: michele@deutermanlaw.com

Seth R. Cohen (NC Bar # 18134)
Attorney for Plaintiff
3524 Lawndale Drive
Greensboro, NC 27408
Tel: (336) 373-1130
Fax: (336) 373-1466
seth@deutermanlaw.com

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
                                SUPERIOR COURT DIVISION
COUNTY OF ROCKINGHAM             21 CVS 1983

CYNTHIA ADKINS JULIAN,
     Plaintiff,

     v.

ARBY'S PROPERTIES, LLC, and
INSPIRE BRANDS, INC.,
     Defendants.

|  |  |
|---|---|
| ) | **PLAINTIFF'S FIRST SET OF** |
| ) | **INTERROGATORIES, FIRST** |
| ) | **REQUESTS FOR PRODUCTION** |
| ) | **OF DOCUMENTS AND REQUEST** |
| ) | **FOR ADMISSIONS** |

---

PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS TO
DEFENDANT INSPIRE BRANDS, INC.

       Pursuant to Rules 26, 33, 34 and 36 of the North Carolina Rules of Civil
Procedure, you are hereby required to answer under oath within thirty (30) days the
following requests for discovery. Each of the interrogatories is a continuing interrogatory
so as to require you to file supplemental answers if you obtain further or different
information between the time your answers are served and the time of the trial. These
interrogatories request information which is known by you or is available to you, or is in
the possession of your representatives, servants, or agents, insurance carriers and their
representatives, including your attorney and his investigators, unless such information is
clearly privileged.

       For each document responsive to this request that is withheld under claim of
privilege or work-product immunity, provide a statement under oath by a person having
knowledge setting forth as to each document:

     1.       The name and title of the author;
     2.       The name and title of each person to whom the document was addressed;
     3.       The name and title of each person to whom a copy of the document was
           sent;
     4.       The date of the document;
     5.       The number of pages of the document;
     6.       A brief description of the nature and subject matter of the document;
     7.       The nature of the claimed privilege or immunity;
     8.       The category or categories of the request to which the document is
           responsive; and
     9.       The exact location of the original and each copy as of the date and receipt
           of this request, along with the name and address of the custodian of said
           originals and copies.

Case 1:21-cv-00743   Document 1-1   Filed 09/24/21   Page 25 of 37

If you are aware of any document otherwise responsive to these requests, which document is no longer in your custody or control, identify the name and title of the author, name and title of the addressee, date of the document, subject matter of the document or documents, the last date on which the document was in your control, the person or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition and state what knowledge each person has.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

Pursuant to Rule 34 of the North Carolina Rules of Civil Procedure, the plaintiff hereby requests that the defendant produce the originals of all documents herein requested and permit the plaintiff to inspect and copy the same, at the law office of Deuterman Law Group, 3524 Lawndale Drive, Greensboro, North Carolina, on the forty-fifth (45th) day following service of these Interrogatories, Requests for Production of Documents, and Requests for Admissions. In the alternative, the defendant may comply with these requests by attaching legible copies of all such documents and clearly designating the interrogatory to which each document or group of documents pertains.

In the event the defendant should fail to answer or should provide evasive or incomplete answers to any of the discovery requests set forth below, or in the event the defendant should fail or refuse to produce any of the documents requested herein, the plaintiff puts the defendant on notice that the plaintiff will move the Court, pursuant to Rule 37(a)(4) of the North Carolina Rules of Civil Procedure, for the reasonable expenses, including attorney's fees, incurred by the plaintiff to move the Court to compel the defendant to provide answers or to provide adequate or complete answers to all such discovery requests and to produce all such documents requested herein.

For the purposes of these discovery requests, the meaning of the word "document" shall include, but not be limited to, writings, drawings, graphs, charts, photographs, reports, phonograph records, computer records, digital recordings, and other data compilations from which information can be obtained or translated, if necessary, through detection devices or other equipment, into usable form.

You are required and have a lawful duty to supplement, update and amend your responses and answers to these discovery requests in the following instances:

1. Any requests or questions directly addressed to:
   a. The identity and location of persons having knowledge of discoverable matter; and
   b. The identity of each person expected to be called as an expert witness at the trial, the subject matter on which he is to testify and the substance of his testimony.

2

2.      Any responses or answers to questions or requests if you obtain
        information upon the basis of which:

        a.      You know or discover that the prior response was incorrect or
                incomplete when made; or
        b.      You know that the response, though correct when made is no
                longer true and the circumstances are such that a failure to amend
                the response is in substance a knowing concealment.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these
Interrogatories, Requests for Production of Documents and Requests for Admissions:

"You" and "Your" shall mean the defendant and each of his, her, or its attorneys,
employees, agents, or representatives, and all other persons acting on or in your behalf.

"Person" shall mean any individual, partnership, firm, association, corporation, or
other business, governmental, or legal entity.

"Document" shall mean any written, recorded, transcribed, filmed, or graphic
matter of any kind or description, however produced or reproduced, all as further defined
hereinabove.

"Address" shall mean the street number, street, city and state of subject person,
business or other entity.

"Identify" or "Identification", when used with reference to a person, shall mean to
state the full name, present or last known address and telephone number of said person.

"Identify" or "Identification", when used with reference to a document, shall mean
to state its date, author, or signer, his or its address, type of document, and all other
means of identifying it and its present or last known location or custodian; if any
document was but is no longer in the possession, custody, or control of the named
defendant or those identified previously under the definition of "You" or "Your", state
what disposition was made of it and the reason for its disposition.

3

# INTERROGATORIES

1. Please identify all persons who have contributed information in responding to these interrogatories by stating their name, address, phone number, email address, and professional title.

ANSWER:

2. State the full name, address, and telephone number of every person known to you, your agents, employees, attorneys, representatives, or other persons acting on your behalf who claim to have witnessed all or any portion of the incident that is the subject of this litigation, who claim to have any knowledge or information whatsoever relating to the incident, and every person who was present at the time of or following the occurrence.

ANSWER:

3. Identify all persons having any information relating to any allegation in Plaintiff's Complaint or any of the Defendant's answers and provide a detailed summary of the specific information held by each such person.

ANSWER:

4. To the extent that you assert that any Defendant is not properly identified, state the proper identification of each such Defendant.

ANSWER:

5. Identify any written or oral statements obtained by you and/or your insurance carrier from the Plaintiffs, from any witnesses, from any employee, or from anyone who investigated the incident that is the subject of the Plaintiff's Complaint.

ANSWER:

6. Identify each and every policy of insurance, including excess insurance policies, bonds, and/or reinsurance agreements which may provide coverage regarding any of the acts or omissions asserted against you in Plaintiff's Complaint and for each such policy of insurance, identify the insurance company, the policy number, the coverage limits, and the coverage terms. This request shall include, but not be limited to liability policies, umbrella policies, and layered coverage.

ANSWER:

4

7.  Identify the name and present address of each person whom you expect may be called by you as an expert witness at this trial and describe in detail the subject matter on which each expert may be expected to testify including the substance and content of all facts and opinions about which each expert may be expected to testify at trial, and identify each and every document which summarizes, sets forth, gives any indication of, or bears any relationship to any of the said expert witnesses and/or their opinions, including any document upon which said expert may fully or in part base an opinion.

ANSWER:

8.  Please describe all slip or trip and fall incidents in which your business or premises have been named as a defendant in a lawsuit occurring within five years prior to the date of the incident that is the subject of this litigation. Your description should include the names of the parties, the docket or index number, the court or agency involved, the nature of the incident, the injuries alleged, and the disposition.

ANSWER:

9.  Please describe all slip or trip and fall incidents in which claims for liability insurance have been made against you or with any of your insurance carriers for personal injuries occurring within 5 years prior to the date of the incident that is the subject of this litigation. Your description should include the date of the accident, the location of the accident, the nature of any injuries complained of, whether liability was accepted or denied, and the ultimate disposition.

ANSWER:

10. Please describe all slip and fall and/or trip and fall lawsuits to which you have been a party as a result of an event that occurred on your premises. Your description should include the names of the parties, the docket or index number, the court or agency involved, the nature of the incident, the injuries alleged, and the ultimate disposition.

ANSWER:

11. Please identify the substance of any and all conversations between the Plaintiff, any witness, or any of your employees or agents, if any, which occurred immediately before or immediately following the accident about which you have knowledge.

ANSWER:

12. State whether or not the Plaintiff made any statements in any form, at any time, to any person concerning the incident that is the subject of this litigation. If so, state

5

the name and address of each person to whom such statements were made, the content of such statements, and when each statement was made.

ANSWER:

13. State the substance of any conversation your employees or agents had with Plaintiff or Plaintiff's representatives, agents, or servants regarding the incident that is the subject of this litigation. Include the date thereof and indicate who said what to whom.

ANSWER:

14. Please describe in full detail how the incident happened according to you, giving all events in detail in the order in which they occurred, before, at the time of, and after the incident, which had any bearing on the cause and manner of the incident that is the subject of the Plaintiff's Complaint.

ANSWER:

15. Please list all acts, omissions, or events which you believe caused or contributed to cause the incident that is the subject of the Plaintiff's Complaint.

ANSWER:

16. Identify all photographs or videos in your possession of Plaintiff's fall that is the subject of the Plaintiff's Complaint.

ANSWER:

17. Identify all accident/incident reports or other documents created to document the incident that is the subject of the Plaintiff's Complaint.

ANSWER:

18. Provide the author, date created, and subject matter of any documents, exhibits, charts, diagrams, or depictions concerning the incident that is the subject of this litigation, the scene of the incident, or the persons or witnesses involved in the incident that are known to you.

ANSWER:

19. Identify all documents, communications, correspondence, and/or complaints of any kind between any person, former customer, employee, individual, and/or Defendants and any employee, agent, or office of Defendants prior to the day of the incident complained of within the Plaintiffs' Complaint regarding your floors or any substances left on the floors.

6

ANSWER:

20. Identify all documents, including but not limited to, employee training policies, manuals, protocols, and handbooks wherein the duties of those charged with maintaining the area where Plaintiff fell are stated.

ANSWER:

21. Identify all of your employees whom interacted with Plaintiff in any way on the date of the incident that is the subject of this litigation. For each employee, state their name, occupational title, and mailing address.

ANSWER:

22. State with specificity whether any of your employees were provided actual or constructive notice of the wet floor in the bathroom on which Plaintiff tripped and fell prior to Plaintiff's fall. If your answer is in the affirmative, please state the manner of notice provided and how such notice was provided.

ANSWER:

23. Identify all documents provided by you stating the protocols for employees placing warning signs or other cautionary devices around substances on the floor.

ANSWER:

24. State with specificity whether you, any of your employees, any witness, or any person present provided a recorded statement of any kind to any insurance carrier after the incident that is the subject of this litigation. If so, state the date of the statement, and whether the liability claim submitted to the insurance carrier had been denied at the time the statement was provided.

ANSWER:

25. Identify all restaurant policies regarding how often the bathroom floors are inspected, whose duty it is to complete the inspections, and what is involved in an inspection.

ANSWER:

26. Identify the process used for cleaning the bathrooms, including but not limited to whose duty it is to clean them, how they are cleaned, and how often they are cleaned.

ANSWER:

7

**These interrogatories are continuing and require supplementation as mandated by the North Carolina Rules of Civil Procedure.**

## REQUESTS FOR PRODUCTION

1. Copies of any and all documents relied upon and/or identified within your Responses to Plaintiff's First Set of Interrogatories.

RESPONSE:

2. Any photographs, videos, or digital recordings of any kind known to you or your attorneys, of the incident scene or the incident itself, as well as any camera footage taken within 24 hours before and after the date of the subject incident.

RESPONSE:

3. Please produce any and all documents you have furnished to any person whom you anticipate calling as a lay or expert witness.

RESPONSE:

4. Please produce a copy of any statement (written, oral, recorded, electronic or otherwise) which has been taken of any witness and/or party to this action by your or your insurance company.

RESPONSE:

5. Please produce the curriculum vitae of any expert you intend to call as a witness.

RESPONSE:

6. Please produce any documents upon which your expert witnesses will rely for testimonial purposes.

RESPONSE:

7. Please produce any expert report(s) that have been obtained from any expert(s) listed in your Answers to Interrogatories. If a report has not been prepared, the preparation of a report is requested.

RESPONSE:

8

8. Copies of any and all lawsuits and insurance claims alleging slip or trip and fall induced personal injuries that have been filed or claimed against you within 5 years prior to the date of the incident that is the subject of this litigation.

RESPONSE:


9. Copies of all documents related to this claim reviewed by, relied upon by, or prepared generated by each person you expect to call as an expert witness at the trial of this action.

RESPONSE:

10. A complete copy of any and all insurance policies that cover you for this accident. Do not simply provide a declarations page.

RESPONSE:

11. Copies of all other documents which you will otherwise use in the defense of this action.

RESPONSE:

12. Copies of all documents, including but not limited to communications, correspondence, and/or complaints of any kind between any person, former customer, employee, or other individual, and any employee, agent, or officer of you, your premises, or, within 5 years prior to the date of the incident that is the subject of this litigation regarding the raised floor outlet covers.

RESPONSE:

13. Copies of all documents, including but not limited to, employee training policies, manuals, protocols, and handbooks wherein the duties of store employees are described.

RESPONSE:

14. Copies of any employee policy, job duty, or job description for which a purpose is to detect and/or remove substances or hazards on the premises or post signs warning of dangers.

RESPONSE:

15. Copies of all documents regarding how often the bathroom floors are inspected, whose duty it is to carry out the inspections, and what is involved in an inspection.

RESPONSE:

16. Copies of all documents regarding how often the bathrooms are cleaned, whose duty it is to clean them, and how they are cleaned.

RESPONSE:

17. Copies of any logs or other documents showing which employees cleaned the bathrooms during the week of the incident that is the subject of this litigation.

RESPONSE:

18. Produce copies of all accident and/or incident reports created as a result of the incident that is the subject of this litigation.

RESPONSE:

19. Produce copies all accident and/or incident reports created as a result of a slip and fall or trip and fall occurring on the premises within 5 years prior to the date of the incident that is the subject of this litigation.

RESPONSE:

20. Produce copies all statements, communications, and documents, whether written, electronic, or oral, of any kind of you or any agent or employee of yours regarding the incident that is the subject matter of this litigation with any non-lawyer.

RESPONSE:

21. Produce a copy of any statement (written, oral, recorded, electronic, or otherwise) which has been taken of any witness, employee, and/or party to this action by you or your insurance company.

RESPONSE:

22. Produce a copy of any written contracts, agency agreements, and franchise agreements between you and Defendant.

RESPONSE:

**These requests for production are continuing and require supplementation as mandated by the North Carolina Rules of Civil Procedure.**

# REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the North Carolina Rules of Civil Procedure, you are requested to admit the truthfulness of the statements separately and fully in writing under oath that follow within the time permitted by these Rules.

You are requested to admit the following:

1. That the Defendant, ARBY'S PROPERTIES, LLC, is a business corporation duly organized and existing under the laws of the State of Delaware with is principal office address located at Three Glenlake Parkway, NE, 5th Floor, Atlanta, Georgia, 30328

**ANSWER:**

2. That the Defendant, INSPIRE BRANDS, INC. is a business corporation duly organized and existing under the laws of the State of Delaware with its principal office address located at Three Glenlake Parkway, NE, Atlanta, Georgia, 30328.

**ANSWER:**

3. That at all times relevant herein, Defendant, ARBY'S PROPERTIES, LLC was conducting business in North Carolina.

**ANSWER:**

4. That at all times relevant herein, Defendant, INSPIRE BRANDS, INC., was conducting business in North Carolina.

**ANSWER:**

5. That at all times relevant herein, Defendant ARBY'S PROPERTIES, LLC owned and operated the Arby's restaurant located at 838 S. Van Buren Rd., Eden, North Carolina 27288.

**ANSWER:**

6. That at all times relevant herein, Defendant, INSPIRE BRANDS, INC. owned and operated the Arby's restaurant located at 838 S. Van Buren Rd., Eden, North Carolina 27288.

**ANSWER:**

7. That at all times relevant herein, Defendants ARBY'S PROPERTIES, LLC and/or INSPIRE BRANDS, INC. owned and operated the Arby's restaurant located at 838 S. Van Buren Rd., Eden, North Carolina 27288.

11

**ANSWER:**

8. That at all times relevant herein, Defendant, ARBY'S PROPERTIES, LLC is a wholly owned subsidiary of Defendant INSPIRE BRANDS, INC.

**ANSWER:**

9. That Defendant, ARBY'S PROPERTIES, LLC was properly served with process in this matter.

**ANSWER:**

10. That Defendant, INSPIRE BRANDS, INC., was properly served with process in this matter.

**ANSWER:**

This the 21st day of July, 2021.

                               DEUTERMAN LAW GROUP

                               Michele Cybulski (NC Bar# 39617)
                               Attorney for Plaintiff
                               3524 Lawndale Drive
                               Greensboro, NC 27408
                               Tel: (336) 373-1130
                               Fax: (336) 373-1466
                               Email: michele@deutermanlaw.com

                               Seth R. Cohen (NC Bar # 18134)
                               Attorney for Plaintiff
                               3524 Lawndale Drive
                               Greensboro, NC 27408
                               Tel: (336) 373-1130
                               Fax: (336) 373-1466
                               seth@deutermanlaw.com

12

NEOPOST
07/22/2021
US POSTAGE $006.95°
ZIP 27401
041M11285059

CERTIFIED MAIL™

9214 8969 0099 9790 1315 8162 91

Deuterman
LAW GROUP

3524 Lawndale Drive, Greensboro NC 27408
Phone:336.373.1130 or Toll Free:1.866.373.1130

CM
301997

Inspire Brands Inc.
R/A: corporation service company
2 Sun Court
suite 400
Peachtree Corners, GA 30092

A PASSION FOR JUSTICE. THE EXPERIENCE TO WIN.

WWW.DEUTERMANLAW.COM